**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     **KEVIN LESLIE DRISCOLL** | ) | Case No. 11-14526-BFK |
|     **MARY JANE DRISCOLL** | ) | Chapter 7 |
| | ) | |
|     **Debtors** | ) | |
| | ) | |
| JANET MEIBURGER, TRUSTEE | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01641 |
| | ) | |
| DONALD DRISCOLL, *et al.* | ) | |
| | ) | |
|     **Defendants** | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion for Default Judgment against Defendants Donald Driscoll and Jennifer Driscoll (Docket No. 5). The Plaintiff filed the Complaint on November 29, 2011, and seeks to recover $13,271.23 from the Defendants on a pre-petition obligation owed to the Debtors before the bankruptcy case was filed. There being no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment in the amount of $13,271.23 be entered for the Plaintiff.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984. This is a non-core proceeding under 28 U.S.C. § 157(c)(1). Complaint, ¶ 4. Further, because the Plaintiff

seeks to augment the bankruptcy estate by the entry of a money judgment, the Court will enter a Report and Recommendation, and not a final order, pursuant to the District Court's opinion in *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, No. 1:11cv1090, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011).

## The Plaintiff's Motion for Default Judgment

According to the allegations of the Complaint, on November 16, 2008, Defendants Donald Driscoll and Jennifer Driscoll executed and delivered to the Debtors a promissory note under which the Debtors loaned to the Defendants $23,871.19. Complaint, ¶ 6. Presently, the remaining principal amount due on the Note is $13,271.23. *Id.* at ¶ 8. The Trustee has demanded payment of the outstanding balance, but the Defendants have failed to make any payments on the Note. *Id.* at ¶¶ 8-9. Accordingly, the Defendants are in default. *Id.* at ¶ 7.

On November 29, 2011, the Plaintiff filed this adversary proceeding to recover the funds. On December 1, 2011, this Court issued a Summons and Notice of Pre-Trial Conference, which required the Defendants to file an Answer no later than January 3, 2012. Docket No. 2. The Summons was properly served on the Defendants via first class mail on December 14, 2011, pursuant to Fed.R.Bankr.P. 7004(b)(9). Docket No. 4. On February 3, 2012, the Plaintiff filed the present Motion for Default Judgment, which seeks a $13,271.23 money judgment against the Defendants. Docket No. 5. In accordance with 50 U.S.C. App. § 521, the Plaintiff attached to the motion an Affidavit stating that the Defendants are not in the military, and therefore not entitled to relief under the Servicemembers' Civil Relief Act. *Id.*

On February 21, 2012, the Court held a hearing on the Plaintiff's Motion for Default Judgment. The Plaintiff was present by counsel. The Defendants failed to appear at the hearing. Pursuant to Fed.R.Bankr.P. 7012(a), "[i]f a complaint is duly served, the defendant shall serve an

answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." The Court finds that the Summons was properly served on the Defendants, and that the Defendants failed to file an Answer in accordance with Fed.R.Bankr.P. 7012. The Court further finds that the amount sought is for a sum certain. Accordingly, this Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment in the amount of $13,271.23 be entered for the Plaintiff.

## Conclusion

For the reasons stated above, the Court recommends that the Plaintiff's Motion for Default Judgment be GRANTED, and that a money judgment in the amount of $13,271.23 be ENTERED for the Plaintiff, jointly and severally against the Defendants. The Court will issue an Order making the foregoing recommendation to the District Court.

Date: _____

Brian F. Kenney
United States Bankruptcy Judge

Copies to:

Janet Meiburger, Esquire
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
Plaintiff

Donald Driscoll
Jennifer Driscoll
13733 Chardonnay Place
Bristow, VA 20136
Defendants *pro se*